UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mohammed Riyazuddin Ahmed, | ) C/A: 2:11-2369-RMG-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Charleston County School District; Wanda Marshall, Asstistant Principal, Lincoln High School; Yvonne Commodore Principal Lincoln High School, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Mohammad Riyazuddin Ahmed ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Defendants, seeking monetary and injunctive relief. Liberally construed, Plaintiff's Complaint attempts to assert an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2001(e), *et seq.*, and/or a state law claim for workplace defamation, wrongful termination/retaliatory discharge, or breach of contract. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a claim upon which relief may be granted by this court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.

The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

2

Plaintiff filed his Complaint (ECF No. 1) on September 6, 2011, along with his Local Rule 26.01 *Pro Se* Party's Answers to Interrogatories (ECF No. 4), and his Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240), which was construed as a Motion for Leave to Proceed *in forma pauperis* (ECF No. 3). Because Plaintiff's pleading did not contain sufficient information for evaluation, by Order dated September 29, 2011 (ECF No. 8), Plaintiff was given a specific time frame in which to bring this case into proper form by submitting Plaintiff's Answers to the Court's Special Interrogatories (ECF No. 8).   In the same Order (ECF No. 8), Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted.  Plaintiff complied with the Court's Order by submitting his Answers to the Court's Special Interrogatories (ECF No. 12) on October 26, 2011.  Plaintiff's Complaint's allegations, verbatim, are as follows:

> Plaintiff was the full time employee in Charleston County School District as a math teacher at Lincoln High School.  In the final evaluation the administrators Dr. Wanda Marshall and Dr. Yvonne Commodore were completely unfair to me.  They only focused on short comings and and documented the information in exaggerating way and also some of the information is was false. All my positive efforts achievements of the school year and efforts towards professionalism was completely ignored (even in some of the areas I was better than all other teachers in the school) in evaluation.  On the day 4 of March 2010 about 3:45 p.m. the Assistant Principal asked me to sign the evaluation feed back form.  She also told me today is the last day to submit this in the school district.  And I was also told by her that I met the required number of standards for the induction year. But on day of 15 May 2010 I was given a letter by the Principal that I haven't met the standards therefore my contract wasn't renewed.  I tried to find the job in the same school district and different school districts. Some of the principals from such as Fairfield County and Dorchester 4 County were ready to hire me but when the saw the evaluation (which was false and exaggerated and oneway) one of them is change his mind the other one from Fairfield high still wanted to hire me but the district didn't let him do the.  Even one of the schools in Charleston County wanted to hire me and he recommend my name but the district didn't approve my re-employment. I request the school district for hearing but I only got mailing responses.  I was waiting the response from the school districts over month for each letter.  Some of them

3

> I received quickly. Finally when school district wasn't ready for hearing. I had to contact the equal employment opportunity commission. After looking into the matter the EEOC issued a letter i.e. "Notice of Suit Rights" (Dissmesed and Notice of Rights" Reason "Your charges were not timely filed with EEOC..." Because of excess in evaluation I couldn't find the job in other schools. I was struggling whole school year 2010-2011 for full time job. The false and exaggerating evaluation has caused me a problem to find the job and it's also effected my career. I may have to suffer in future also because of the inappropriate documentation of the Administrators of Lincoln High School.

ECF No. 1, p. 3 - 5. Plaintiff also submitted a copy of Plaintiff's right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC") on May 27, 2011 (ECF No. 12-1).

## DISCUSSION

To obtain relief based on alleged discrimination under Title VII, a plaintiff must demonstrate that: (1) s/he is a member of the protected class; (2) s/he suffered an adverse employment action; (3) at the time of the adverse action, s/he was performing at a level that met the employer's legitimate expectations; and (4) her/his position remained open or was filled by a similarly qualified individual outside the protected class. *See Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2006) (quoting *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc); *see also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993).

Plaintiff's Complaint fails to allege sufficient facts to state a plausible Title VII claim or any other claim conferring federal question jurisdiction in this case. While the fact that Plaintiff is a foreign national may qualify him as a member of a protected class based on his "national origin," Plaintiff makes no explicit allegations that the termination of his employment by the school district and its two administrators was due to discrimination

against him, based on his race, color, religion, national origin, or sex, in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964.  Nor does Plaintiff specifically allege violation of his constitutional or statutory rights based on his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), or based on any disability, in violation of the Americans with Disabilities Act ("ADA"), or based on the violation of any constitutional rights protected by 42 U.S.C. §§ 1981 or 1983, or any other federal law.  Plaintiff's Complaint cannot reasonably be read to state a valid claim on which Plaintiff could prevail.  Plaintiff's Complaint merely alleges, in conclusory fashion, that Defendants' evaluation of Plaintiff "w[as] completely unfair."  Accepted as true, Plaintiff's allegations, *i.e.* that Defendants' evaluation included exaggerated and false information and ignored Plaintiff's positive efforts and achievements, simply do not demonstrate that Plaintiff was performing at a level that met his employer's legitimate expectations and that his position remained open or was filled by a similarly qualified individual outside the protected class.  Because Plaintiff fails to allege any facts to establish a plausible claim that Defendants violated 42 U.S.C. § 2000e, Plaintiff's Complaint should be summarily dismissed.

In addition, the individual defendants in this case, Wanda Marshall, Assistant Principal of Lincoln High School, and Yvonne Commodore, Principal of Lincoln High School, cannot be held liable under Plaintiff's Title VII claim because, as a matter of law, there is no individual liability for claims of discrimination asserted under Title VII.  *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177 (4th Cir. 1998).  The United States Fourth Circuit Court of Appeals has held that employees of a corporate defendant are not liable in their individual capacities for Title VII violations.  *See Lissau*, 159 F.3d at 178-181; *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Title VII does not provide a remedy against

individual Defendants who do not qualify as 'employers.'"). The law is clear in this circuit that employees, supervisors, and agents of a company are not considered to be "employers" for purposes of Title VII liability. *See Jones v. Tyson Foods, Inc.*, 378 F.Supp.2d 705, 708 (E.D.Va. 2004); *Hooker v. Wentz*, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) (supervisors not liable in their individual capacities for Title VII violations). Accordingly, the named natural Defendants, Ms. Marshall and Ms. Commodore, are also entitled to summary dismissal of the Complaint against them on this basis.

Plaintiff's Complaint also fails to state a plausible state law claim against Defendants Marshall, Commodore, or the Charleston County School District for workplace defamation, wrongful termination/retaliatory discharge, or breach of contract, which could be cognizable pursuant to this court's diversity jurisdiction, under 28 U.S.C. § 1332(a)(2), if such a state law claim were sufficiently alleged.[1] Here, Plaintiff alleges that he is an Indian citizen and Defendants are citizens of South Carolina, which satisfies the first prong of the diversity requirement. However, the second prong, *i.e.* that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," is not met in this case. Plaintiff does not allege a specific amount of monetary damages that he seeks, but he asks in the alternative for "one year (school year 2010-2011) pay back and rehiring for the current year [,] or one year (school year 2010-2011) pay back plus $30,000 without hiring." ECF No.

---

[1] 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

(2) citizens of a State and citizens or subjects of a foreign state[.]

1, p. 6. The only inference that the Court can draw is that Plaintiff's 2010-2011 school year pay would have been in the amount of $30,000. Consequently, Plaintiff's prayer for relief is reasonably and liberally construed to seek total compensatory damages of only $60,000, exclusive of interest and costs. Thus, Plaintiff's Complaint fails to allege sufficient facts to invoke the diversity jurisdiction of this court.

With respect to pleading a plausible state law claim of workplace defamation, the following elements must be alleged: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *See Erickson v. Jones St. Publrs., LLC*, 368 S.C. 444, 464-67, 629 S.E.2d 653, 664-65 (2006); *Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002); *Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 508, 506 S.E.2d 497, 501 (1998) (*Holtzscheiter II*). Essentially, the elements for a claim include a false and defamatory statement that is communicated by speech, conduct or in writing to a third person. It must be noted that a complaint setting forth these elements must do so with specificity. The complaint must specifically state the defamatory words, the connection of these words to the plaintiff, and the scope of publication of these words. *See* RESTATEMENT (SECOND) OF TORTS §§ 558, 559 (1977).

Plaintiff's Complaint fails to specifically allege any defamatory statement. Furthermore, under South Carolina Code § 41-1-65, in the workplace, there is a special protection for employers from defamation claims, which is applicable to the alleged facts in this case. S.C. Code § 41-1-65, reads as follows:

>   (C)   Unless otherwise provided by law, an employer who responds in writing to a written request concerning a current employee or former employee from a prospective employer of that employee shall be immune from civil liability for disclosure of the following information to which an employee or former employee may have access:
>
>   (1) written employee evaluations;
>
>   (2) official personnel notices that formally record the reasons for separation;
>
>   (3) whether the employee was voluntarily or involuntarily released from service and the reason for the separation; and
>
>   (4) information about job performance.
>
>   (D)   This protection and immunity shall not apply where an employer knowingly or recklessly releases or discloses false information.

In order to overcome this statutory grant of immunity, a plaintiff must show that "the employer knowingly or recklessly releases or discloses false information." No such allegations are made by Plaintiff in the instant Complaint. Therefore, Plaintiff's Complaint does not satisfy the requirements for stating a plausible state law claim of alleged workplace defamation.

Although South Carolina is an at-will employment state, South Carolina law recognizes the tort of "wrongful termination in violation of public policy." However, a necessary element of such a tort claim is the employer's retaliatory discharge in violation of a clear mandate of public policy, or the employer's requirement that the plaintiff violate the law, as a condition of retaining the plaintiff's employment. *See Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E. 2d 213 (1985); *Stiles v. American General Life Ins. Co.*, 335 S.C. 222, 516 S.E.2d 449, 451 (1999). Plaintiff's Complaint fails to allege any

facts to state a plausible claim of wrongful termination in violation of public policy. With respect to a possible breach of contract claim, Plaintiff's Complaint alleges that the alleged unfair evaluation was made by Defendants at the conclusion of the school year and that, as a result, he was not offered an employment contract for the next school year. Such factual allegations do not constitute a plausible claim for breach of an existing contract. In addition, Plaintiff's Complaint fails to allege facts sufficient to state any plausible claim for Defendants' liability based on the alleged violation of any other state labor and employment statutory provisions.

Plaintiff's Complaint does not allege sufficient facts to state a *prima facie* claim that Defendants discriminated against him based on his race, color, religion, national origin, sex, age, disability, military veteran status, or any other protected category under federal law, which could be cognizable under this court's federal question jurisdiction. Moreover, Plaintiff's Complaint fails to allege sufficient facts to state a *prima facie* state law claim against Defendants which could be cognizable under this court's diversity jurisdiction

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 28, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).