IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mohammed Riyazuddin Ahmed, ) | Civil Action No.: 2:11-cv-2369-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Charleston County School District; Wanda ) | |
| Marshall, Assistant Principal, Lincoln High ) | |
| School; Yvonne Commodore, Principal, ) | |
| Lincoln High School, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action seeking monetary and injunctive relief. Liberally construed, Plaintiff's Complaint attempts to allege an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and state law claims for workplace defamation, wrongful termination, and breach of contract. (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process based on Plaintiff's failure to state a claim upon which relief may be granted. (Dkt. No. 17). As explained herein, this Court has conducted a *de novo* review of the record and agrees that Plaintiff's Complaint should be dismissed without prejudice and without issuance of process based on Plaintiff's failure to state a claim upon which relief may be granted.

1

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In his Complaint, Plaintiff alleges that he was a teacher at Lincoln High School in Charleston County, South Carolina during the 2009-2010 school year, and that Defendants unfairly refused to renew his contract at the end of the year. (Dkt. No. 1 at 3-6). Plaintiff alleges that, in his final evaluation, Defendants focused only on Plaintiff's shortcomings and ignored his positive achievements. (*Id.*). Plaintiff also alleges that some of the negative information in his final evaluation was false. (*Id.*). Plaintiff alleges that other schools have considered hiring him but have been deterred by the negative evaluation which Defendants gave him. (*Id.*). While Plaintiff does not allege any specific causes of action, Plaintiff's Complaint could be liberally construed as an attempt to allege, *inter alia*, a Title VII claim for employment discrimination. However, Plaintiff has failed to state a claim upon which relief may be granted under Title VII. First, Plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission (EEOC). (*See* Dkt. No. 12-1 at 1 (EEOC letter stating that the EEOC is closing its

file on Plaintiff's charge because it is untimely)).[1] "[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue." *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Lewis v. City of Chicago, Ill.*, 130 S.Ct. 2191, 2196-97 (2010) ("Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge."); *Lumpkins v. Washington Metro. Area Transit Auth.*, No. 09-1753, 2010 WL 445466, at *3 (D.Md. Jan. 29, 2010) ("A plaintiff's failure to file a timely EEOC charge 'precludes relief under Title VII.'") (quoting *Venkatraman v. REI Sys.*, 417 F.3d 418, 422 (4th Cir. 2005)).

Further, even if Plaintiff's Title VII claim was not barred by Plaintiff's failure to file a timely charge with the EEOC, Plaintiff has not alleged all of the elements of a Title VII claim. To obtain relief based on alleged discrimination under Title VII, a plaintiff must demonstrate that: (1) he or she is a member of a protected class; (2) he or she suffered an adverse employment action; (3) at the time of the adverse action, he or she was performing at a level that met the employer's legitimate expectations; and (4) his or her position remained open or was filled by a similarly qualified individual outside the protected class. *See Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2006); *see also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). Here, Plaintiff has not alleged that his position remained open or was filled by a similarly qualified individual outside the protected class, and Plaintiff certainly has not alleged facts to make such an allegation plausible, as required by *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the

---

[1] Plaintiff has not argued that the EEOC's finding that his charge was untimely was incorrect.

pleader is entitled to relief.'"); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[2]

In addition to an attempted Title VII claim, Plaintiff's Complaint could be liberally construed as an attempt to allege state law claims for workplace defamation, wrongful termination, and breach of contract.[3] However, each of these claims fails as a matter of law as well. First, in order to prove defamation, a plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Erickson v. Jones Street Publishers, L.L.C.*, 629 S.E.2d 653, 664 (S.C. 2006). Plaintiff alleges that other schools saw a copy of the negative evaluation which Defendants gave Plaintiff and that this deterred the other schools from hiring Plaintiff. (Dkt. No. 1 at 4). However, Defendants are protected by statute from liability for giving Plaintiff a negative evaluation, even if such evaluation was false. Section 41-1-65 of the South Carolina Code provides:

> (C) Unless otherwise provided by law, an employer who responds in writing to a written request concerning a current employee or former employee from a prospective employer of that employee shall be immune from civil liability for disclosure of the following information to which an employee or former employee may have access:
>
> (1) written employee evaluations;

---

[2] Plaintiff also did not allege that he was a member of a protected class and that Defendants' refusal to renew his contract was based on his membership in such protected class. (*See* Dkt. No. 1). However, in response to the Magistrate's Report and Recommendation, which pointed out this deficiency, Plaintiff filed objections which allege that Defendants discriminated against him based on his religion. (*See* Dkt. No. 19-1).

[3] The Court has diversity jurisdiction over any state law claims pursuant to 28 U.S.C. § 1332. Plaintiff alleges that he is an Indian citizen, and Defendants are citizens of South Carolina. Also, Plaintiff requests damages in excess of $75,000. (Dkt. No. 19-1).

>    (2) official personnel notices that formally record the reasons for separation;
>
>    (3) whether the employee was voluntarily or involuntarily released from service and the reason for the separation; and
>
>    (4) information about job performance.
>
> (D) This protection and immunity shall not apply where an employer knowingly or recklessly releases or discloses false information.

S.C. Code § 41-1-65. Plaintiff has not alleged that Defendants acted "knowingly or recklessly" in releasing false information to other schools. Rather, Plaintiff merely alleges that his shortcomings were exaggerated and his positive achievements were ignored, and that it was "completely unfair." (Dkt. No. 1 at 3). Thus, Defendants are statutorily immune from this claim.

Next, while South Carolina law recognizes the tort of wrongful discharge, an at-will employee[4] can only state a claim for wrongful discharge where the employer's discharge of the employee constitutes a violation of clear public policy or where the employer requires the at-will employee to violate the law as a condition of retaining employment. *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 225 (S.C. 1985). Here, Plaintiff has not alleged that he was terminated in violation of clear public policy or that his employer required him to violate the law. Thus, Plaintiff has failed to state a claim for wrongful discharge. Finally, Plaintiff's Complaint

---

[4] Plaintiff was apparently employed by Lincoln High School as an induction contract teacher. (Dkt. No. 1 at 3-4 ("And I was also told by her that I met the required number of standards for the induction year.")). Pursuant to Section 59-26-40 of the South Carolina Code, Defendants had the discretion at the end of the school year to hire, or refuse to hire, Plaintiff for the next school year. S.C. Code § 59-26-40(C) ("At the end of the one-year induction contract period, a teacher shall become *eligible* for employment at the annual contract level.") (emphasis added); *see also Schofield v. Richland County School Dist.*, 447 S.E.2d 189, 191 (S.C. 1994) (holding that the word "eligible" indicates that Section 59-26-40 does not mandate the re-hiring of a teacher at the end of an induction contract period, even where the teacher performed adequately).

does not state a claim for breach of contract because Plaintiff has not alleged that he had a contractual right to be rehired. To the contrary, it appears that Plaintiff was employed under an induction contract and did not have a contractual right to be re-hired. *See supra* footnote 4.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Thus, Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 25, 2012
Charleston, South Carolina